IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

NOAH F. CORBITT,

    Petitioner,

v.                                     CIVIL ACTION NO.: CV514-058

MARTY C. ALLEN, Warden,

    Respondent.

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Noah Corbitt ("Corbitt"), who is currently incarcerated at Valdosta State Prison in Valdosta, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his convictions obtained in the Atkinson County, Georgia, Superior Court. Respondent filed an Answer-Response and a Motion to Dismiss. Corbitt filed a Response. For the reasons which follow, Respondent's Motion should be **GRANTED** and Corbitt's petition should be **DISMISSED**. Corbitt's Motion at Docket Number 9 is **DISMISSED** as moot.

## STATEMENT OF THE CASE

Corbitt was convicted, after a jury trial, in the Atkinson County Superior Court of rape, incest, and child molestation. He was sentenced to 40 years' imprisonment on May 11, 2005. (Doc. No. 1, p. 2). Corbitt filed an appeal, and his convictions and sentences were affirmed on direct appeal by order dated November 9, 2009. Corbitt v.

State, 301 Ga. App. 665, 688 S.E.2d 642 (2009). Corbitt filed a petition for writ of certiorari, which the Georgia Supreme Court denied on May 3, 2010. (Doc. No. 1, p. 4).

Corbitt filed a state habeas corpus petition in the Lowndes County Superior Court on November 21, 2011. Corbitt asserted: 1) he did not have the assistance of a public defender during critical stages of his case; 2) five (5) court terms passed without a continuance being requested or granted; 3) he received the trial transcripts more than 17 months after his convictions; 4) there is no paperwork which reveals why his trial did not begin on November 4, 2002; 5) officers tried to get him to confess under false pretenses; 6) his 13 witnesses were not subpoenaed; 7) there was no lab report corroborating the prosecutor's statements regarding seminal fluid; 8) his case was not investigated properly; 9) the prosecutor did not provide notice of all of his witnesses; 10) his attorney signed a stipulation without his knowledge or consent; 11) his counsel was ineffective in a number of ways; and 12) his attorney abandoned his appeal without notifying him. (Doc. No. 6-1, pp. 4–7). An evidentiary hearing was conducted on August 16, 2012, and Corbitt's petition was denied on March 7, 2014. (Doc. No. 6-2). The Georgia Supreme Court denied Corbitt's certificate of probable cause to appeal the denial on June 2, 2014. (Doc. No. 6-3)

Corbitt executed his petition on July 7, 2014, and it was filed in this Court on August 5, 2014. Respondent alleges that Corbitt's petition should be dismissed, as it is untimely.

## DISCUSSION AND CITATION TO AUTHORITY

A prisoner must file a petition for writ of habeas corpus in federal court within one (1) year. 28 U.S.C. § 2244(d)(1). This statute of limitations period shall run from the latest of four possible dates:

> The limitation period shall run from the latest of—
>
> (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Corbitt's conviction became final at the time of his completion of the direct review process or when the time for seeking such review became final. 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). Corbitt was convicted in the Atkinson County Superior Court on May 11, 2005, and he filed what the undersigned presumes to be a timely direct appeal. The Georgia Court Appeals affirmed Corbitt's convictions and sentence by order dated November 9, 2009. Corbitt filed a petition for writ of certiorari with the Georgia Supreme Court, which was denied on May 3, 2010. Corbitt then had a period of 90 days to file a petition for writ of

certiorari with the United States Supreme Court. SUPR. CT. R. 13.1. Corbitt did not file a petition with the United States Supreme Court, and his conviction was final on August 2, 2010, as August 1, 2010, was a Sunday. Because Corbitt's conviction became final on August 2, 2010, he had one year from that date in which to file a timely federal habeas petition. 28 U.S.C. § 2244(d)(1).

The applicable statute of limitations is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); Taylor v. Williams, 528 F.3d 847, 849 (11th Cir. 2008). "[A]n application is pending as long as the ordinary state collateral review process is in continuance- i.e., until the completion of that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains pending." Carey v. Saffold, 536 U.S. 214, 219-20 (2002) (internal citations omitted). A petitioner should be mindful that "once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to section 2254 petitions. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004); see also Alexander v. Sec'y, Dep't of Corr., 523 F.3d 1291, 1294 (11th Cir. 2008) (a state court motion for post-conviction relief cannot toll the federal limitations period if that period has already expired).

As noted above, Corbitt's conviction became final on August 2, 2010. He had one year from that date to file a 28 U.S.C. § 2254 petition for writ of habeas corpus or a properly filed application for State post-conviction or other collateral review. Corbitt filed his state habeas corpus petition on November 21, 2011. By that time, the statute of

AO 72A
(Rev. 8/82)

limitations period applicable to section 2254 petitions had expired, and the state habeas corpus petition would not toll the federal statute of limitations. Corbitt's 28 U.S.C. § 2254 petition was not timely filed.

Having determined that statutory tolling is not available to Corbitt, the Court must now decide whether he is entitled to equitable tolling of the statute of limitations. A petitioner seeking equitable tolling must establish "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" which prevented him from timely filing his § 2254 petition. Lawrence v. Florida, 549 U.S. 327, 335 (2007) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling is "an extraordinary remedy that must be applied sparingly[,]" and a petitioner must present a "truly extreme case." Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008), *overruled on other grounds by* Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549 (June 14, 2010). "'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner.'" Id. (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002)).

Corbitt arguably avers that he is entitled to equitable tolling of the statute of limitations. In this regard, the undersigned notes Corbitt's contention that he was not made aware that the Georgia Supreme Court denied his petition for writ of certiorari on May 3, 2010. The undersigned also notes Corbitt's contention that his court-appointed attorney failed to inform him he had a right to file a petition for writ of certiorari with the United States Supreme Court. Corbitt asserts that the Georgia Supreme Court's denial is not in his files. The Court does not accept Corbitt's assertion, as he stated on the face of his petition that the Georgia Supreme Court denied his petition for certiorari on

5

May 3, 2010, indicating that he gained knowledge of this denial at some point. (Doc. No. 1, p. 3). In addition, even if Corbitt was not made aware of his right to file a petition for a writ of certiorari with the United States Supreme Court or of the Georgia court's denial of the petition for certiorari, he is not entitled to equitable tolling. Corbitt's appeal was denied on November 9, 2009, and he does not disavow knowledge of this denial. Corbitt did not file his state habeas corpus petition until approximately two (2) years after the denial of his appeal.[1] See Melson v. Comm'r, Ala. Dep't of Corr., 713 F.3d 1086, 1089-90 (11th Cir. 2013) (finding that petitioner did not exercise reasonable diligence in prosecuting federal habeas corpus case, regardless of whether his attorney's conduct constituted an extraordinary circumstance, due to petitioner's "nearly complete inaction" between the time his state court conviction was final and the filing of his federal habeas petition). Corbitt is not entitled to equitable tolling.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. Corbitt's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, should be **DISMISSED** as untimely filed.

**SO ORDERED and REPORTED** and **RECOMMENDED**, this 24th day of October, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[1] Corbitt would have had a period of ten (10) days to file a motion for reconsideration or a notice of intent to apply for certiorari with the Georgia Supreme Court after the denial of his appeal. GA. CT. APP. R. 37(b), 38(a)(1).; GA. SUPR. CT. R. 38(1).

AO 72A (Rev. 8/82)